IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN KUZYK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| AT&T CORP, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, JOHN KUZYK ("Kuzyk"), by and through his attorneys, Barry A. Gomberg of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendant, AT&T CORP, states as follows:

## PARTIES

1. The Plaintiff, John Kuzyk, is an individual residing in Schaumburg, Illinois

2. Defendant AT&T CORP is a corporation transacting business in the State of Illinois.

## JURISDICTION AND VENUE

3. The claim against Defendant is for disability discrimination pursuant to the Americans with Disabilities Act, 42 USC §12101, *et seq*.

4. Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. §1343 as these claims arise under the laws of the United States of America.

5. This Court is the proper venue for this lawsuit in that the facts giving rise to this lawsuit occurred in this judicial district.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
### (Discrimination/Failure to Accommodate)

6. Plaintiff brings this cause pursuant to the Americans with Disabilities Act, 42 USC §12101 *et seq.*, and the Civil Rights Act of 1991.

7. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on disability and perceived disability with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

8. Plaintiff filed this cause pursuant to a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

9. Plaintiff at all times relevant hereto, was a disabled person as defined by 42 USC §12102(2).

10. Plaintiff, at all times relevant hereto, was regarded and perceived as being disabled by his employer.

11. Defendant, at all times relevant hereto, was an employer as defined by 42 USC §12111(5).

12. Plaintiff was hired by Defendant on or about October 20, 1997.

13. Plaintiff was off from work due to illness and hospitalization from January 20, 2013 through April 22, 2013.

14. Plaintiff was diagnosed with Crohn's Disease in February 2013.

15. Plaintiff informed his employer of his diagnosis of Crohn's Disease in February 2013.

16. In or about April 2013, before he was ready to be released by his physician to return to work, Plaintiff's main foreman, Juan Yigunez, who was aware that Plaintiff had Crohn's Diseasse, informed Plaintiff that he had to return to work or that he would be deemed to have abandoned his job.

17. In April 2013, Plaintiff returned to work against his physician's advice.

18. Although Plaintiff was advised not to do any heavy lifting or anything strenuous that might re-aggravate his condition, Plaintiff returned to full duty work because Yigunez informed Plaintiff that there was no light duty and that he would either have to return to work or be terminated.

19. Plaintiff's ability to work was hindered by the fact that he took medication for his Crohn's Disease, had to use the restroom frequently and Plaintiff's job as a driver impeded Plaintiff's access to the restroom.

20. After Plaintiff's manager learned about Plaintiff's condition, he began harassing Plaintiff, complaining about the work Plaintiff performed and following Plaintiff around in the hopes that Plaintiff would make an error.

21. On April 22, 2013, Plaintiff requested an accommodation from Defendant. Plaintiff requested that he be permitted to work light duty or a leave of absence of six (6) weeks to complete his regimen of drug treatment for his Crohn's Disease.

22. Although Plaintiff attempted to work with Defendant to obtain an accommodation for his disability, Defendant failed to engage in the interactive process with Plaintiff.

23. On July 8, 2013, Plaintiff was in a traffic accident while driving at work when his Crohn's Disease caused sudden abdominal cramping and an immediate, emergency need to void his colon.

24. On September 4, 2013, Defendant terminated Plaintiff's employment because he had a disability or perceived him to have a disability, Crohn's Disease.

24. As a result of Defendants' discriminatory conduct as aforesaid, Plaintiff has suffered injury to his career as well as emotional pain suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 USC 1981a.

25. Defendant's discriminatory conduct, as aforesaid, was done with malice and/or reckless indifference to Plaintiff's civil rights.

WHEREFORE, Plaintiff JOHN KUZYK prays for Judgment against Defendant, AT&T CORP, as follows:

A. For backpay and lost benefits from September 4, 2013 to the present;

B. For reinstatement to his former position, or in the alternative, for front pay;

C. For an award of compensatory damages for Plaintiff's injury to his career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

D. Punitive damages;

E. For attorney's fees and costs of this suit; and

F. For such other and further relief as is just and equitable.

Respectfully submitted,

JOHN KUZYK

By: s/Barry A. Gomberg
One of Plaintiff's Attorneys

Barry A. Gomberg
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550